IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITE STATES OF AMERICA,**<br>    **Plaintiff**,<br><br>                    v.<br><br>**ROBERT A. HERNANDEZ-WILSON**,<br>    **Defendant**. | **CRIMINAL NO. 97-087 (JAF)** |

**UNITED STATES' INFORMATIVE MOTION**

**TO THE HONORABLE COURT:**

COMES NOW, the United States of America, through the undersigned attorneys, and hereby respectfully submits this informative motion in response to the Honorable Court's <u>Order</u> requesting information about the circumstances that led to the appellate court's finding that the defendant did not voluntarily waive his Rule 32.1 rights at the supervised release revocation hearing.[1]

**I.   Background**

On December 6, 1999, appellant Robert Ali Hernández-Wilson (hereinafter appellant "Hernández")  pled guilty to one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846.  (D.E. 173, 174).  The sentencing hearing was called on December

---

[1]     The United States was granted by this Court until April 7, 2005 to file its motion.  (D.E. 232).

**UNITED STATES' INFORMATIVE MOTION**
Criminal No. 97-187 (JAF)
Page 2

9, 1999. Hernández was sentenced to time served and a five (5) year supervised release term. (D.E. 175).

On March 6, 2003, the United States Probation Officer filed a motion for issuance of an arrest warrant and for tolling of the supervised release term as to Hernández. (D.E. 211). The motion provided that Hernández had violated the conditions not to commit another Federal, State or Local crime and not to possess firearms or dangerous weapons and shall not illegally possess a controlled substance. On January 10, 2003, Hernández was arrested by state police agents and charged with armed robbery and possession of illegal weapons. On that date, he was released on bail but it was revoked on February 27, 2003 for threatening the case witnesses. Hernández was incarcerated at the State Penitentiary in Rio Piedras, Puerto Rico. In addition, the motion reflected that he had violated the supervised release conditions: 1) by failing to submit monthly supervision reports since December, 2002; and 2) failing to notify the U.S. Probation Officer or any member of the U.S. Probation Office that he was arrested on January 10, 2003. (D.E. 211).

On August 20, 2003, this Court granted the U.S. Probation Officer's motion for issuance of an arrest warrant and the tolling of the supervised release term. (D.E. 213). On August 20, 2003 and September 26, 2003, Writ of Habeas Corpus ad Testificandums were issued to the Warden of the Department of Corrections, Oso Blanco, in Rio Piedras, Puerto Rico, to release Hernández to the custody of the United States Marshal for a Hearing to Show Cause. (D.E. 213). On September 26, 2003, an Order to Show Cause Hearing was held before this Court as to Hernández. (D.E. 215). The revocation hearing was brief. (See Attachment No. 1). The Court determined that Hernández had violated his conditions of supervised release. After revoking his

UNITED STATES' INFORMATIVE MOTION
Criminal No. 97-187 (JAF)
Page 3

term of supervised release, Hernández was sentenced to a twenty-four (24) month term of imprisonment. This Court also imposed a supervised release term of three (3) years. (D.E. 216). Hernández filed a notice of appeal and eventually filed an appeal with the First Circuit Court of Appeals. (D.E. 217).

## II.     Reasons For Appellate Court's Remand

In his appeal, Hernández alleged that his due process rights were violated at the supervised release revocation hearing. He claimed that this Court did not fully comply with the requirements of Rule 32.1 of the Federal Rules of Criminal Procedure (hereinafter Fed.R.Crim.P.). He claimed that: 1) he was not informed of the allegations against him; 2) the government failed to prove by a preponderance of the evidence the violations; 3) he had no opportunity to confront the witnesses and present witnesses and evidence in his favor; and 4) he was not asked by the district court if he wished to proceed by proffer and if he had been explained his rights to proceed by proffer. He also claimed on appeal that he did not waive the right to a full revocation hearing before the district court. Therefore, he requested that his present sentence be vacated by the Court of Appeals and remanded for further proceedings before this Court.

In this case, the United States conceded on appeal that several errors had occurred at appellant's supervised release revocation hearing. Under the United States Constitution, individuals facing revocation of supervised release are entitled to certain due process protections. Gagnon v. Scarpelli, 411 U.S. 778 (1973); Morrissey v. Brewer, 408 U.S. 471 (1972). See United States v. Correa-Torres, 326 F.3d 18, 22 (1st Cir. 2002). A defendant is, however, not

UNITED STATES' INFORMATIVE MOTION
Criminal No. 97-187 (JAF)
Page 4

accorded the full panoply of rights during a hearing to determine the status of his supervised release as are guaranteed to a defendant during the formal prosecution of his case. <u>Morrissey</u>, 408 U.S. at 480. Instead, a probationer or parolee receives limited due process rights. <u>Gagnon</u>, 411 U.S. at 782. The same procedural requirements applicable to a parole revocation hearing apply to hearings regarding the revocation of supervised release. <u>Tapia-Escalera</u>, 356 F.3d at 183. See <u>United States v. Lowenstein</u>, 108 F.3d 80, 85 (6th Cir. 1997). The minimal procedural requirements satisfying due process have been codified in Fed.R.Crim.P. 32.1. <u>Tapia-Escalera</u>, 356 F.3d at 184. Fed.R.Crim.P. 32.1 provides, in relevant part, that:

**(a)    Revocation of Probation or Supervised Release.**

. . .

**(2)    Revocation Hearing.** The revocation hearing, unless waived, by the person, shall be held within a reasonable time in the district of jurisdiction. The person shall be given

(A)    written notice of the alleged violation;

(B)    disclosure of the evidence against the person;

(C)    an opportunity to appear and to present evidence in the person's own behalf;

(D)    the opportunity to question adverse witnesses; and

(E)    notice of the person's right to be represented by counsel.

Fed.R.Crim.P. 32.1.

In <u>Correa-Torres</u>, <u>supra</u>, the First Circuit Court of Appeals determined that a defendant may forgo the opportunity to contest the charges in a supervised release revocation hearing by

UNITED STATES' INFORMATIVE MOTION
Criminal No. 97-187 (JAF)
Page 5

waiver but "the defendant must understand his procedural rights and choose not to exercise them" under Rule 32.1. <u>Tapia-Escalera</u>, 356 F3.d at 184 (citing <u>Correa-Torres</u>, 326 F.3d at 22-23).

In this case, Hernández did not fully knowing and voluntarily waive the rights under Rule 32.1. Although Hernández' counsel informed this Court that the facts were well founded and Hernández accepted the fact that he was not in compliance with the supervised release (Attachment No. 1, pp. 3, 4), the Court failed to adequately inform Hernández the nature of the charges related to the violation of his supervised release term. The Court only informed Hernández in generic terms that he had violated the terms of the supervised release in that the "violation consisted in new criminal activity which appear[ed] in the notice of violation that the probation department filed dated March 6th of this year." (Attachment #1: p. 4). It did not expressly inform, nor did the government's prosecutor or Hernández' counsel state, for the record and to Hernández the nature or substance of the criminal activity. The record did not reflect that Hernández had read or discussed with his counsel the probation's notice of violation.

In addition, Hernández was not informed of his procedural rights to contest the new charges and present witnesses and testimony on his own behalf. Although Hernández had successfully contested a prior revocation of his supervised release, (D.E. 184, 185, 186, 190, 192 - 202), he was not informed of these rights by the Court at the revocation hearing on September 26, 2003. (Attachment No. 1).

This case was clearly distinguishable from <u>United States v. Tapia-Escalera</u>, 356 F.3d 181 (1st Cir. 2004). In <u>Tapia-Escalera</u>, the Court had upheld the revocation of a defendant's

UNITED STATES' INFORMATIVE MOTION
Criminal No. 97-187 (JAF)
Page 6

supervised release.  In that case, this Court relied heavily on the fact that the defendant had been informed of his procedural rights at a preliminary hearing and that the detailed charges were known by the defendant.  Id. at 184.  Here, there was no preliminary hearing and defendant was not informed of the detailed charges.

Following Correa-Torres, supra, the United States requested that Hernández' sentence be vacated and remanded for further proceedings before the district court.  See Correa-Torres, 326 F.3d at 25.  The First Circuit Court of Appeals held: "We agree with the parties that a remand is warranted because the record does not reflect a valid waiver of defendant's Rule 32.1 rights." (Attachment No. 2).

WHEREFORE, the United States of America respectfully submits this informative motion to the Honorable Court in response to its Order requesting information about the circumstances that led to the appellate court's finding that the record did not reflect a valid waiver of defendant Robert A. Hernández-Wilson's Rule 32.1 rights.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 5th day of April, 2005.

**H. S. GARCIA**
**U.S. ATTORNEY**

**Thomas F. Klumper - 212604**
**Assistant U.S. Attorney**
**Torre Chardon, Suite 1201**
**350 Carlos Chardon St.**
**Hato Rey, PR 00918**
**Tel. (787) 766-5656**

**UNITED STATES' INFORMATIVE MOTION**
Criminal No. 97-187 (JAF)
Page 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 5, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

In San Juan, Puerto Rico, this 5th day of April, 2005.

S/Thomas F. Klumper
Assistant United States Attorney